UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANGELA POLK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cv-01883 SRC |
| | ) | |
| ANDREW M. SAUL,[1] | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Angela Polk's request for judicial review, under 42 U.S.C. § 405(g), of the final decision of the Commissioner of Social Security denying Polk's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. and 42 U.S.C. §§ 1381, *et seq*. The Court affirms the Commissioner's decision.

**I.    PROCEDURAL HISTORY**

Polk filed her applications for SSI and DIB on February 9, 2016, and November 8, 2016, respectively. Tr. 15, 217-18. Polk previously filed for disability benefits and an Administrative Law Judge ("ALJ") denied her applications in a decision dated October 18, 2013. Tr. 15, 112-122. Her applications at issue in this case were initially denied on March 24, 2016. Tr. 15, 138-142. Polk asked for a hearing before an ALJ on March 30, 2016, and a hearing was held on January 9, 2018. Tr. 15, 44-69, 145-46. The ALJ denied Polk's applications in a decision dated

---

[1] After this suit was filed, Saul was confirmed as the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Saul for Deputy Commissioner Nany A. Berryhill as the defendant in this suit.

April 5, 2018. Tr. 15-38. On August 31, 2018, the Appeals Council denied Polk's request for review. Tr. 1-3. As such, the ALJ's decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined that Polk meets the insured status requirements of the Social Security Act through September 30, 2015, and that Polk has not engaged in substantial gainful activity since October 19, 2013, the alleged onset date. Tr. 18. The ALJ found Polk has severe impairments of type II diabetes mellitus with neuropathy, major depressive disorder, generalized anxiety disorder, and personality disorder. The ALJ found that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 19, 23. After considering the entire record, the ALJ determined Polk has the residual functional capacity ("RFC") to perform medium work with the following limitations. Tr. 27. She can lift 50 pounds occasionally and 25 pounds frequently. *Id*. She can stand and/or walk for about six hours in an eight-hour workday. *Id*. She can sit for about six hours in an eight-hour workday. *Id*. She must avoid climbing ladders, ropes, and scaffolds and she should avoid ambulating on uneven terrain such as open fields or construction sites. *Id*. She should avoid working at unprotected heights or around unprotected dangerous machinery. *Id*. She is limited to simple and/or repetitive work that does not require close interaction with the public. *Id*. She must avoid jobs requiring close interaction with coworkers where close interaction with coworkers means collaborating with coworkers to determine work duties, processes, locations, tools, and similar factors. *Id*. The ALJ found Polk has no past relevant work but that jobs exist in significant numbers in the national economy that Polk can perform including packer-wrapper, laundry worker, garment sorter, apparel stock checker, assembler, and document preparer/scanner. Tr. 36-37. Thus, the ALJ concluded that a finding

of "not disabled" was appropriate. Tr. 37. Polk appeals, arguing a lack of substantial evidence to support the Commissioner's decision.

## III. LEGAL STANDARD

A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* at § 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. § 416.920(a)(1). First, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether "the claimant has a severe impairment [that] significantly limits [the] claimant's physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *see also* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); *see also* 20 C.F.R. § 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for *providing* evidence relating to his RFC and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3) (emphasis added). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner. *See Brock v. Astrue*, 574 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932.

If substantial evidence on the record as a whole supports the Commissioner's decision, the Court must affirm the decision. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* Under this test, the court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id.* The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016).

## IV.    DISCUSSION

Polk does not challenge any of the ALJ's findings through Step 4 of the sequential analysis, including the RFC determination or the manner and method by which the ALJ reached those conclusions.  Polk challenges the vocational expert's testimony that a person with the limitations of Polk could nevertheless perform work, arguing that such testimony conflicts with the Dictionary of Occupational Titles ("DOT").  According to Polk, the ALJ did not ask the vocational expert if his testimony comported with the DOT and did not ask the expert to resolve the apparent conflicts.  Polk argues the RFC includes that Polk is limited to simple and/or repetitive work which corresponds to Reasoning Level 1 and five of the six jobs listed by the ALJ exceed Reasoning Level 1.

"Under Social Security Ruling (SSR) 00-4p, the ALJ must 'ask about any possible conflict' between [vocational expert] evidence and 'information provided in the DOT.'"  *Moore v. Colvin*, 769 F.3d 987, 989 (8th Cir. 2014).  If there is a conflict, "the ALJ must 'elicit a reasonable explanation for the conflict' and 'resolve the conflict by determining if the explanation given by the expert provides a basis for relying on the [vocational expert] testimony rather than on the DOT information.'"  *Id*. at 989-90.  "[Vocational expert] testimony that conflicts with the DOT 'does not constitute substantial evidence upon which the Commissioner may rely to meet the burden of proving the existence of other jobs in the economy a claimant can perform.'"  *Id*. at 990. (quoting *Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014)).  The ALJ is "required not only to ask the expert whether there was a conflict, but also to obtain an explanation for any such conflict."  *Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007).  If the ALJ does not follow this policy, the ALJ errs.  *Id*.

Here, the ALJ did not ask the vocational expert if there was a conflict with the DOT, much less to explain any such conflict. Tr. 64-68. Therefore, the ALJ erred in not following the policy set in SSR 00-4p. *Renfrow*, 496 F.3d at 921. However, the failure to ask if there is a conflict is harmless error if no conflict appears to exist. *Id*. To establish an error was not harmless, the plaintiff "must provide some indication that the ALJ would have decided differently if the error had not occurred." *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012).

No conflict exists for at least one of the listed occupations for Polk – assembly work. In the decision, the ALJ found:

> The vocational expert also testified that an individual with lower exertional capabilities but with the same non-exertional limitations as the claimant would be able to meet the demands of representative occupations such as: . . . assembler (DOT #713.687-018), a sedentary exertional, unskilled occupation of which there are approximately 25,000 jobs nationally . . .

Tr. 37. The DOT lists "assembler" as requiring a reasoning level of 1. DICOT 713.687-018, 1991 WL 679271. In her brief, Polk admits "simple, repetitive work corresponds to Reasoning Level 1" and that assembler is "limited to Reasoning Level 1." Doc. 11, pgs. 6, 7.[2] At Step 5, an ALJ need only identify one occupation that exists in significant numbers that a claimant can perform. *Flynn v. Berryhill*, No. 4:16CV1927 CDP, 2018 WL 1410233 at *6 (E.D. Mo. Mar. 21, 2018) (citing 20 C.F.R. §§ 404.1566(b), 916.966(b) and *Weiler v. Apfel*, 179 F.3d 1107, 1110 (8th Cir. 1999)). Because there is at least one job that Polk can perform with her limitations, Polk cannot establish the ALJ would have decided differently if the error in failing to question the vocational expert about conflicts with the DOT had not occurred. The Court finds substantial evidence in the record as a whole supports the ALJ's decision.

---

[2] The Court does not find that a limitation to simple, repetitive work corresponds to a Reasoning Level of 1. For the purposes of this analysis, the Court need not determine if the limitation to simple, repetitive work may also correspond to higher reasoning levels.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff Angela Polk's Complaint is **DISMISSED, with prejudice**. A separate judgment will accompany this Memorandum and Order.

So Ordered this 6th day of December, 2019.

*/s/ SLR.CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**